IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VERNESIA LEE WOMACK, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08-cv-534-WKW |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | | |
| | | |
| GANESIA L. WOMACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08-cv-664-WKW |
| | ) | |
| UNITED STATES GOVERNMENT | ) | |
| DEPARTMENT OF VETERAN | ) | |
| AFFAIRS | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 9, filed August 25, 2008).  Now pending before the Court are the *United States' Motion to Dismiss Plaintiff Vernesia Lee Womack's Complaint* and brief in support (Docs. 23-24, filed January 9, 2009), the *United States' Motion to Dismiss Ganesia L. Womack's Complaint* (Doc. 25, filed January 9, 2009), *Plaintiffs' Memorandum*

*in Opposition to Defendant's Motion for Dismissal of Complaint and Supporting Briefs* (Doc. 29, filed February 5, 2009), and the "United States' Reply" (Doc. 30, filed February 9, 2009).[1] For good cause herein shown, it is the recommendation of the Magistrate Judge that the Court GRANT the motions to dismiss.

## I. PARTIES AND COMPLAINT

*Pro se* Plaintiff, Vernesia Lee Womack ("Vernesia Womack") is a resident of Ozark, Alabama, a location in the Middle District of Alabama. Vernesia Womack initiated this action on July 7, 2008. *See* Doc. 1, Complaint in Civ. Act. No.2:08-cv-534-WKW (M.D. Ala. 2008). Initially she brought suit on behalf of herself and her five minor children. *Id*. On July 17, 2008, the Court issued an order informing Vernesia Womack that she could not proceed *pro se* on behalf of her children. *See* Doc. 6. Vernesia Womack was given until August 15, 2008 to find counsel for her five children. *Id*. Instead, Vernesia Womack voluntarily dismissed the claims of the five children. *See* Doc. 7, "Voluntary Dismissal" and Doc. 8, Order granting dismissal.

On August 18, 2008, *pro se* Plaintiff Ganesia L. Womack ("Ganesia Womack") filed her own lawsuit. *See* Doc. 1, Complaint in Civ. Act. No. 2:08-cv-664-WKW (M.D. Ala.

---

[1]     As specifically stated in the Court's order to show cause, at this time, the Court only considers Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The Court stated that it would first address the issues raised by the motion to dismiss and not the alternative motion for summary judgment contained in the same document. Thus, Plaintiff Vernesia Womack was instructed to address only (1) the jurisdictional argument relating to the HIPAA claims and (2) whether the government can be held liable under the Federal Tort Claims Act for the actions of Dr. Smalheiser. As such, no evidence will be considered except that which relates to the establishment of jurisdiction.

2008). Ganesia Womack is one of the five children referenced by Vernesia Womack, but subsequently reached the age of majority. She resides with her mother in Ozark, Alabama. The two separate actions involved common questions of law and fact, thus the Court consolidated the proceedings on August 25, 2008. *See* 2:08-cv-534 Doc. 10 and 2:08-cv-664 Doc. 4. Both Plaintiffs filed their respective motions to proceed *in forma pauperis*. *See* Docs. 2 in both cases. By Order filed August 25, 2008, the Court gave each plaintiff permission to proceed *in forma pauperis*. *See* Doc. 10, Order Granting IFP requests.

Plaintiff Vernesia Womack asserts claims against the United States for inadequate medical care and improper release of health information in violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). *See* 2:08-cv-534 Doc. 1 at ¶ 6. She also claims pain and suffering as well as mental anguish. *Id*. Vernesia Womack seeks damages in the amount of three million dollars. *Id*. Vernesia Womack filed an administrative claim pursuant to the requirements of the Federal Tort Claims Act and was notified her claim was denied. *Id*. at ¶ 4; *see also id*. at Exhibit 1 p. 2.

Vernesia Womack specifically alleges on November 18, 2005 she went to the emergency room at Central Alabama Veteran Health Care System ("CAVHCS") Hospital in Montgomery, Alabama because she was experiencing "severe upper gastric stomach pain." *Id*. at ¶ 5. She states she was examined by Dr. Stuart Smalheiser. *Id*. During the examination Vernesia Womack avers she was not given proper medical care and the doctors and staff acted in an unprofessional manner. *Id*. Vernesia Womack was given a CT scan, but states no

further medical care was provided that night. *Id*. Dr. Smalheiser made an appointment for Vernesia Womack to return the following Monday, November 21, 2005. On that day she received an ultrasound, but still received no resolution for her medical complaints. *Id*. As such, she filed a complaint with Ed Brown, the Patient Advocate for Veterans. *Id*. Vernesia Womack avers she remained in pain for the remainder of the week until she went to the Troy Regional Medical Center. *Id*. On or about November 25, 2005 she was admitted to the CAVHCS for emergency surgery which was then postponed until November 27, 2005. *Id*. During her stay at CAVHCS Vernesia Womack alleges the nurses violated provisions of HIPAA by publically mocking her at the nurses station. *Id*.

In her complaint Plaintiff Ganesia Womack asserts "[i]t is the States' constitutional duty to enforce laws against abuse and to ensure the physical and emotional safety of its citizens." *See* 2:08-cv-664 Doc. 1 at ¶ 5. She further alleges her constitutional right "not to be personally injured or abused has been infringed upon by the doctors and nurses assigned to Vernesia Womack at the VA Medical Center in Montgomery, Alabama." *Id*. Ganesia Womack claims mental anguish and emotional distress and seeks damages in the amount of $300,000.00. *Id*. at ¶ 6.

## II. MOTIONS TO DISMISS

On January 9, 2009, the United States filed two motions to dismiss. *See* Docs. 23-25. The first motion to dismiss relates to the claims filed by Vernesia Womack. *See* Docs. 23-24. In the motion, the United States asserts that HIPAA does not create a private right of action

and does not waive sovereign immunity.  Further, the United States asserts the physician referenced by Vernesia Womack - and whose actions are the underlying basis for her claims - is not an employee of the United States, but rather an independent contractor.  *Id*.  Thus, the United States would be immune from suit.  *Id*.  In the second motion to dismiss, the United States asserts Ganesia Womack's claims should be dismissed because retains its sovereign immunity in cases involving constitutional torts.  *See* Doc. 25.

On February 5, 2009, the Plaintiffs filed a joint response to the motions to dismiss.  *See* Doc. 29.  In the response, Plaintiffs cite a case and state HIPAA violations can be grounds for state tort law claims.  *Id*. at p. 2.  After a detailed recitation of the facts, Plaintiffs also state Dr. Smalheiser was an employee of the VA Hospital because he was a participant in a VA fellowship program.  *Id*. at p. 5-7.  Plaintiffs made no reference to the motion to dismiss Ganesia Womack's claims or its legal assertions for dismissal.

On February 9, 2009, the United States filed its reply to Plaintiffs' response.  The United States avers Ganesia Womack abandoned her claims because she failed to address them in her response to the motion to dismiss.  *Id*. at p. 2.  The United States also states Vernesia Womack has not asserted a state tort law claim in her Complaint and cannot do so in her response.  *Id*. at p. 2-5.  Further, the United States notes federal courts have rejected the idea that a private party can sue for HIPAA violations.  *Id*. at p. 4.  Finally, the United States reiterates that Dr. Smalheiser was an independent contractor despite Plaintiffs conclusory statements to the contrary.  *Id*. at p. 5-9.  For this reason, the United States contends the Court

is deprived of subject matter jurisdiction.  Both motions to dismiss were fully submitted on February 9, 2009 and are ripe for judicial review.

### III. STANDARD OF REVIEW

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

**A.     Federal Rule Civil Procedure 12(b)(1) - Lack of Subject Matter Jurisdiction**

A Rule 12(b)(1) motion directly challenges the district court's subject matter jurisdiction. *Gilmore v. Day*, 125 F.Supp.2d 468, 470 (M.D. Ala. 2000).  A motion to dismiss for lack of subject matter jurisdiction may occur either facially or factually. *Makro v. Capital of America, Inc. v. UBS AG*, 543 F.3d 1254, 1258 (11th Cir. 2008) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)); *Stalley v. Orlando Regional Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *McElmurray v. Consol. Gov't of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007)).  A "facial attack" is based solely on the pleadings and requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Stalley*, 524 F.3d at 1232-33; *Morrison*, 323 F.3d at 925 n. 5.; *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).  Further, for the purposes of the court's analysis, the allegations in the plaintiff's complaint are taken as true. *Id.*

On the other hand, a "factual attack" challenges "subject matter jurisdiction in fact, irrespective of the pleadings." *Morrison*, 323 F.3d at 925. The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Gilmore*, 125 F.Supp.2d at 471 (citing *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951 (1942)). Further, in resolving a factual attack, the court "may consider extrinsic evidence such as testimony and affidavits." *Makro*, 543 F.3d at 1258 (quoting *Morrison*, 323 F.3d at 925 n. 5); *accord Stalley*, 524 F.3d at 1233; *Miccosukee Tribe of Indians of Florida v. U.S., E.P.A.*, 105 F.3d 599, 603 (11th Cir. 1997). The trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case without presuming the truthfulness of the plaintiff's allegations." *Makro*, 543 F.3d at 1528 (internal quotations omitted). In other words, "the district court should apply a summary judgment standard when ruling on the motion to dismiss as a factual attack on subject matter jurisdiction." *Miccosukee Tribe*, 105 F.3d at 603 (citing *Lawrence*, 919 F.2d at 1530).

**B.      Federal Rule Civil Procedure 12(b)(6) - Failure to State a Claim**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Gilmore*, 125 F. Supp.2d at 471. To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, —, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). In considering a defendant's motion to dismiss, the "court must view the complaint in the light most favorable to the plaintiff and accept all the plaintiff's well-pleaded facts as

true." *Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (citing *St. Joseph's Hosp. Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986)).  In other words, in deciding a 12(b)(6) motion to dismiss, the court will accept the petitioner's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L. Ed.2d 59 (1984); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998); *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citing *Lopez v. First Union National Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997)). However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (conclusory allegations and unwarranted deductions of fact are not admitted as true).[2]

Thus, a complaint should be dismissed "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at — , 127 S.Ct. at 1966.  Further, "this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

---

[2]      In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (citations omitted).  Factual allegations must be enough to raise a right to relief above the speculative level.  *Id*.  Thus, it does not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.  *Id*. at 1974.   It is not enough that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery."  *Id*. at 1968 (internal quotation and alteration omitted).   Consequently, the threshold for a complaint to survive a motion to dismiss is "exceedingly low."  *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir. 1985).

## IV.   DISCUSSION AND ANALYSIS

### A.     Constitutional Tort Claims

The Federal Tort Claims Act, ("FTCA"), 28 U.S.C. §§ 2671- 2680, provides in part that the United States "shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.  However, it is well established that the United States has not rendered itself liable for constitutional tort claims. *F.D.I.C. v. Meyer*, 501 U.S. 471, 478, 114 S.Ct. 996, 1001, 127 L.Ed.29d 308 (1994); *see also Brewer v. C.I.R.*, 430 F.Supp.2d 1254, 1259 (S.D. Ala. 2006) (citations omitted) ("Since the FTCA does not provide a source of waiver for any of plaintiff's claims for damages arising out of common law torts or

constitutional violations, the claims are due to be dismissed.")

In this case, Ganesia Womack's sole allegations are as follows:

It is the States' constitutional duty to enforce laws against abuse and to ensure the physical and emotional safety of its citizens.  In contradiction to United States Constitution, my constitutional right not to be personally injured or abused has been infringed upon by the doctors and nurses assigned to Vernesia Womack at the VA Medical Center in Montgomery, Alabama.

*See* Doc. 1 at ¶ 5 in 2:08-cv-664.  As she clearly asserts constitutional tort claims there is no waiver of sovereign immunity.  Consequently, the court is deprived of jurisdiction and Ganesia Womack's claims are due dismissal.  In addition, to the extent Vernesia Womack may assert constitutional tort claims, those too are due dismissal.

**B.     HIPAA claims**

When there is no allegation of diversity jurisdiction, the Court must have original jurisdiction to proceed.  Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; *see also City of Huntsville v. City of Madison*, 24 F.3d 169, 171 (11th Cir. 1994) (citing statute). Federal question jurisdiction may be based on a civil action alleging a violation of the United States Constitution or a federal cause of action established by a Congressionally-created expressed or implied private remedy for violations of a federal statute and in limited circumstances, federal question jurisdiction may also be available if a substantial, disputed question of federal law is a necessary element of a state cause of action.  *City of Huntsville*, 24 F.3d at 171-72 (citations omitted).  "[O]nce a court determines that there has been no grant

that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000); *accord Barnett v. Bailey*, 956 F.2d 1036, 1039-41 (11th Cir. 1992) (holding that a court is required to examine its jurisdiction over an action at any time and dismiss an action *sua sponte* for lack of subject matter jurisdiction if jurisdiction is not found.).

In her complaint, Vernesia Womack rests her claims "on the grounds of HIPAA Violations, Delayed Treatment, Mental Anguish, and Pain and Suffering." *See* 2:08-cv-534 Doc. 1 at ¶ 6. The Court will first address the question of whether Vernesia Womack can bring a claim pursuant to HIPAA.

HIPAA imposes requirements on the Department of Health and Human Services, health plans, and healthcare providers involved in the exchange of health information to protect the confidentiality of such information. 42 U.S.C. §§ 1320d-1 to d-7. However, HIPAA has no express provision creating a private cause of action. Moreover, this Court has already determined that HIPAA does not create a private cause of action. *Means v. Indep. Life and Acc. Ins. Co.*, 963 F.Supp. 1131, 1135-36 (M.D. Ala. 1997); *Green v. Roberts*, 2008 WL 4767471, *5 (M.D. Ala. 2008) (Watkins, J.) (unpublished) (citations omitted). As such, HIPAA does not convey federal jurisdiction.

In her response, Vernesia Womack states "[a]lthough HIPAA does not specifically create any right for an individual to sue in Federal court over breaches of privacy, HIPAA violations can be grounds for state tort actions because HIPAA regulations create a new 'duty

of care' with respect to the protection of the confidentiality of patient health information and it is further stated that HIPAA does not preempt state law." *See* Doc 29 at p. 2.  With this, she cites *Acosta v. Byrum*, 638 S.E.2d 246  (N.C. Ct. App. 2006) which is a case from North Carolina's intermediate appellate court.  The North Carolina appellate court held that the plaintiff's negligent infliction of emotional distress claim brought against her psychiatrist should not have been dismissed because it was brought under North Carolina law.  *Id*. at 253. Further, violations of HIPAA could be used as evidence in support of that claim.  *Id*.  Plaintiff does not make it clear how *Acosta* is applicable to her case since she does not assert any state law tort claims in her Complaint.  *See* 2:08-cv-534 Doc. 1 generally.

However, assuming *arguendo* that Vernesia Womack is asserting a claim for negligent infliction of emotional distress,[3] Alabama does not recognize that particular cause of action. *Gideon v. Norfolk Southern Corp.*, 633 So.2d 453, 453-54 (Ala. 1994); *Allen v. Walker*, 569 So.2d 350, 352 (Ala. 1990); *see also Taylor v. Alabama*, 95 F.Supp.2d 1297, 1318 (M.D. Ala. 2000) (citations and internal quotations omitted) (The Supreme Court of Alabama has held there is no cause of action for the negligent infliction of emotional distress.).   Therefore, any such claim would be due dismissal.

Based on the above, Vernesia Womack's claims under HIPAA fail to convey

---

[3]      As previously stated, there does not appear to be a state law tort claim in her complaint.  However, it is noted that *pro se* pleadings are to be afforded a liberal construction. *Walker v. Dugger*, 860 F.2d 1010, 1011 (11th Cir. 1988).  Therefore, the court will address a claim for negligent infliction of emotional distress because it is referenced in the response to the motion to dismiss.  In this Court's view, there are no other state law tort claims referenced in the complaint or the response.

jurisdiction on this Court and therefore must be dismissed.

**C.    Malpractice/Delayed Treatment Claim under FTCA**

The FTCA "grants the federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity and rendered itself liable." *Meyer*, 471 U.S. at 477, 114 S.Ct. at 1001 (citing *Richards v. United States*, 369 U.S. 1, 82 S.Ct. 585, 589, 7 L.Ed.2d 492 (1962)).  However, that sovereign immunity is only waived when the negligent or wrongful act was committed by an "employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b)(1).  The United States has not waived its sovereign immunity for the actions of "any contractor with the United States." 28 U.S.C. § 2671.  Because Vernesia Womack rests her claims on the actions of Dr. Smalheiser, she must establish that he was an employee, and not a contractor, of the United States.  Plaintiff states Dr. Smalheiser was an employee while Defendant avers he was merely a contractor.

"In the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists." *OSI, Inc. v. United States*, 285 F.2d 947, 951 (11th Cir. 2002) (citations omitted).  Factual attacks on a court's subject matter jurisdiction "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir.1997) (citation and internal quotations omitted).

Along with the motion to dismiss the United States submitted an affidavit from Dr. Smalheiser wherein he clearly states he was an independent contractor. *See* Doc. 24 Exhibit 1 ¶¶ 3-4. Plaintiff, in her response to the motion to dismiss, avers Dr. Smalheiser was a participant in a Fellowship program funded by Veterans Affairs. *See* Doc. 29 at p. 5-7. She further asserts that he was under the direct control and supervision of the VA Administration. *Id*. Vernesia Womack submits several exhibits which she contends support her statements. *See* Doc. 29 Exhibits 3-5. Exhibit 3 appears to be a physician's profile printout from the Florida Department of Health. Exhibits 4 and 5 appear to be excerpts from a Veteran's Health Administration Handbook. The United States disputes Plaintiff's assertions and submits an additional affidavit from Dr. Smalheiser. *See* Doc. 30, Exhibit 6. Dr. Smalheiser affirms he never participated in the VA Fellowship, was an independent contractor, and exercised independent clinical judgment while treating patients at CAVHCS. *Id*.

As previously noted, the court should apply a summary judgment standard when ruling on a motion to dismiss which factually attacks subject-matter jurisdiction. *See Miccosukee Tribe*, 105 F.3d at 603 (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1530 (11th Cir. 1990). Thus, the same rules regarding evidence would apply and the court is free to weigh the evidence.

The United States asserts Plaintiff's exhibits constitute hearsay and therefore cannot be considered when using a summary judgment standard. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in

evidence to prove the truth of the matter asserted." FED. R. EVID. 801(c).  Generally, hearsay is not admissible.  FED. R. EVID. 802.  Inadmissible hearsay generally "cannot be considered on a motion for summary judgment." *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir.1999).  The exception is that otherwise admissible evidence may be "submitted in inadmissible form at the summary judgment stage, though at trial it must be submitted in admissible form." *McMillian v. Johnson*, 88 F.3d 1573, 1584 (11th Cir.1996) (emphasis omitted).

A review of Vernesia Womack's exhibits reveals they constitute hearsay and she has not established that they are otherwise admissible.  Thus, the Court cannot consider them, especially since the United States has submitted admissible evidence to the contrary in the form of Dr. Smalheiser's affidavits.  In other words, the United States has issued specific factual denials that challenge Vernesia Womack's allegation that Dr. Smalheiser was an employee of the government.  These specific factual declarations - which are within affiant Dr. Smalheiser's personal knowledge - are sufficient to shift to the Plaintiff the burden of producing evidence supporting jurisdiction.  *United Techs. Corp. v. Mazer*, — F.3d — , 2009 WL 263329, *11 (11th Cir. 2009) (citation omitted).  Vernesia Womack attempted to respond and establish jurisdiction by making unsworn statements regarding her perception that Dr. Smalheiser was a participant in a VA Fellowship program and therefore was an employee of the VA.  "Unsworn statements, even from *pro se* parties, should not be considered in determining the propriety of summary judgment." *McCaskill v. Ray*, 279 Fed. Appx. 913, 915

(11th Cir. 2008) (unpublished) (quoting *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980)).  Therefore, Vernesia Womack's unsworn assumptions and statements regarding Dr. Smalheiser's status cannot be considered.

Based on the above, the Court concludes Plaintiff proffered no competent evidence to establish jurisdiction in opposition to the denials of the jurisdictional allegations contained in Dr. Smalheiser's affidavit.  As a result, she has not met her burden of establishing jurisdiction and consequently the claims must be dismissed.

**D.      State law claims**

It does not appear from the face of the complaints that there are any assertions of state law claims.  Regardless, in view of this Court's determination that there is no federal jurisdiction for Plaintiffs' claims, the court concludes that any supplemental state law claims also warrant dismissal.

Supplemental jurisdiction over any state-law claims would not be not appropriate because the federal claims are being dismissed for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  A Rule 12(b)(1) "dismissal [of the federal claims] means that there never was a valid claim within the court's original jurisdiction to which the state claim may be supplemental." *Auburn Med. Center, Inc. v. Cobb*, 567 F.Supp.2d 1333, 1340 (M.D. Ala. 2008) (quoting *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001)); *see also Rifkin v. Bear Stearns & Co.*, 248 F.3d 628, 631-633 (7th Cir. 2001) (court could not exercise supplemental jurisdiction over state-law claims because it lacked

subject-matter jurisdiction over the federal claims); *Saksenasingh v. Sec'y of Educ.*, 126 F.3d 347, 351 (D.C. Cir. 1997) (if the district court "dismissed the underlying claim on jurisdictional ground, then it could not exercise supplemental jurisdiction." ); *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) ( "[a] 12(b)(1) dismissal postulates that there never was a valid federal claim." ); *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996) (explaining that a district court "cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction.") (citation omitted). Therefore, this court lacks supplemental jurisdiction over any state-law claims asserted by Plaintiffs.

### E.    Dismissal without Prejudice

In its motion to dismiss Vernesia Womack's claims, the United States requests that the claims be dismissed *with prejudice*. *See* Doc. 23 at p. 2 (emphasis added). That request is due denial because the dismissal is a Rule 12(b)(1) for lack of subject matter jurisdiction. "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley*, 524 F.3d at 1232 (citing *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984); *see also Klos v. Paulson*, 2009 WL 205622, *1 (11th Cir. 2009) (unpublished) (citing *Stalley* and its explanation that a Rule 12(b)(1) dismissal is entered without prejudice). While the United States submitted its motion to dismiss under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the court concludes all the claims are due dismissal under Rule 12(b)(1) and therefore must be dismissed without prejudice.

## V. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that

(1)     The *United States' Motion to Dismiss Plaintiff Vernesia Lee Womack's Complaint* (Doc. 23) and *United States' Motion to Dismiss Ganesia L. Womack's Complaint* (Doc. 25) be **GRANTED**.

(2)     Plaintiffs' claims be **DISMISSED without prejudice** pursuant to FED. R. CIV. P. RULE 12(b)(1).

(3)     The *United States' Motion for Summary Judgment* (Doc. 23) be **DENIED as moot**.

(4)     Any outstanding motions be **DENIED as moot**.

**IT IS FURTHER ORDERED** that the parties file any objections to the this Recommendation on or before **February 26, 2009.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 13th day of February, 2009.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE