IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VERNESIA LEE WOMACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:08-CV-534-WKW[WO] |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the court is the United States's Motion for Reconsideration (Doc. # 37) of the portion of the court's Memorandum Opinion and Order (Doc. # 36) rejecting the Recommendation of the Magistrate Judge (Doc. # 32). For the reasons to follow, the motion is due to be denied.

**I. STANDARD OF REVIEW**

A district court has broad discretion to reconsider an interlocutory order. *See Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000); *see also United States v. Acosta*, 669 F.2d 292, 293 (5th Cir. Unit B 1982) ("[T]he district court has broad power to reconsider the correctness of its interlocutory rulings.").[1] It may reconsider an interlocutory ruling "for any reason it deems sufficient." *Canaday v. Household Retail Servs., Inc.*, 119

---

[1] Decisions of Unit B of the former Fifth Circuit are binding precedent in this circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

F. Supp. 2d 1258, 1260 (M.D. Ala. 2000), *aff'd sub nom. Perry v. Household Retail*, 268 F.3d 1067 (11th Cir. 2001)

## II. BACKGROUND

Plaintiff Vernesia Womack ("Womack") brings this action against the United States, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80. Ms. Womack alleges that she received inadequate and delayed medical care when she sought treatment for abdominal pain at the Central Alabama Veterans Health Care System in Montgomery, Alabama. Dr. Stuart Smalheiser ("Smalheiser") is alleged to be the physician who caused her to suffer personal injury. The United States filed a motion to dismiss the FTCA claim for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. # 23.) As grounds for the motion, it asserted that Dr. Smalheiser was an independent contractor, not an employee of the United States, and that, therefore, the independent contractor exception to the FTCA's limited waiver of sovereign immunity barred suit. *See* §§ 1346(b), 2671[2]; (Doc. # 24.) The Magistrate Judge agreed.[3] In his recommendation, the Magistrate Judge opined that the United States was raising a Rule 12(b)(1) factual attack to subject matter jurisdiction and that Ms. Womack had failed to sustain her burden of demonstrating subject matter jurisdiction. (Doc. # 36.) Ms. Womack

---

[2] An employee of the United States includes an "employee[] of any federal agency," § 1346(b), but excludes "any contractor with the United States," § 2671.

[3] Pursuant to 28 U.S.C. § 636(b)(1), this case has been referred to the Magistrate Judge for all pretrial proceedings and entry of any orders or recommendations as may be appropriate. (Doc. # 4.)

2

filed an objection to the Magistrate Judge's recommendation that her FTCA claim be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. (Doc. # 33.)

Addressing Ms. Womack's objection in light of the Magistrate Judge's recommendation, this court framed the issue as a procedural one, namely, "whether the appropriate standard of review was applied when assessing whether Dr. Smalheiser was an independent contractor or a federal government employee." (Doc. # 36, at 7 (Mem. Op. & Order).) The court found that "the issue of whether Dr. Smalheiser is an 'employee' of the United States or an 'independent contractor' implicates both subject matter jurisdiction and the merits of [Ms.] Womack's FTCA claim." (Doc. # 36, at 10-11 (internal statutory citations omitted) (citing *Lawrence v. Dunbar*, 919 F.2d 1525 (11th Cir. 1990), & *Simpson v. Holder*, 184 F. App'x 904 (11th Cir. 2006)).) "Because the United States's motion indirectly challenged the merits of the FTCA claim, the [United States's] motion [to dismiss] should have been analyzed under either Rule 12(b)(6) or Rule 56, not Rule 12(b)(1)." (Doc. # 36, at 11.)

The court also heeded the Eleventh Circuit's caution that the question of subject matter jurisdiction, when intermeshed with the merits, should not be resolved prior to affording the plaintiff an opportunity to conduct jurisdictional discovery. (Doc. # 36, at 12-16.) It concluded that on the present record, "the best course [was] to reject the Magistrate Judge's recommendation that [Ms.] Womack's FTCA claim be dismissed pursuant to Rule 12(b)(1), and to refer that claim back for further discovery, and for later

3

disposition, if appropriate, on a properly filed motion to be reviewed under Rule 56's strictures." (Doc. # 36, at 15-16.) The United States has moved for reconsideration of this ruling. (Doc. # 37.)

### III. DISCUSSION

The United States argues that its Rule 12(b)(1) factual attack on the employment status of Dr. Smalheiser does not implicate the merits of the FTCA claim. (Doc. # 37 ¶ 1 (The "merits of plaintiff's malpractice claim and the independent contractor issue are wholly separate and unrelated.").) The United States's argument goes like this. Alabama law governs the substantive law for the medical malpractice claim, but does not contain a requirement as to the "employment status of the defendant health care provider." (Doc. # 37 ¶¶ 3-4 (citing § 1346(b).) The "independent contractor issue," in turn, is determined based upon the federal "control test," *see Bravo v. United States*, 532 F.3d 1154, 1159 (11th Cir. 2008). Because Ms. Womack's "substantive malpractice claim and the Federal control test share no common factual elements and are not created by the same statute," the United States argues that the two matters "are not inextricably intertwined." (Doc. # 37 ¶ 5.)

As support for its position, the United States relies upon *Garcia v. Copenhaver, Bell & Associates*, 104 F.3d 1256, 1260-62 (11th Cir. 1997), and *Morrison v. Amway Corp.*, 323 F.3d 920, 926 (11th Cir. 2003). It cites these cases not for their factual or statutory application, but for the general legal principle that "jurisdiction becomes intertwined with the merits of a cause of action when a statute provides the basis for both the subject matter

4

jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Morrison*, 323 F.3d at 926 (citation and internal quotation marks omitted); *see also Garcia*, 104 F.3d at 1261 (The merits and jurisdiction are intertwined when the factual "attack on subject matter jurisdiction also implicates an element of the cause of action."). The court does not disagree with the legal premise articulated in *Garcia* and *Morrison*. Indeed, the court applied that premise to the facts of this case to reach its decision, *albeit* contrary to the result sought by the United States.

More significant than what the United States argues in its motion for reconsideration is what it omits. It does not cite any cases addressing the independent contractor exception under the FTCA.[4] In particular, there is no mention of *Simpson* or *Lawrence*, both FTCA decisions upon which this court previously relied. To reiterate, although *Simpson* is unpublished, it is persuasive. It also is directly contrary to the United States's position. *Simpson*, an FTCA action, involved an appeal from a Rule 12(b)(1) dismissal for lack of subject matter jurisdiction. *See* 184 F. App'x at 909. The Eleventh Circuit held that a Rule 12(b)(1) attack on subject matter jurisdiction is "intertwined with the merits" of an FTCA claim when the assertion is that the allegedly negligent actor is not an employee of the United States. *Id.* Hence, in *Simpson*, the Eleventh Circuit held that "[w]hether the . . . medical staff [were] government employees or independent contractors affect[ed] both subject matter jurisdiction under the FTCA *and* the merits of the FTCA claim," *Id.* (citing *Lawrence*, 919

---

[4] *Morrison* was brought pursuant to the Family Medical Leave Act, 29 U.S.C. §§ 2601-2654. *Garcia* invoked Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e.

F.2d at 1529), and that Rule 56 provided the appropriate standard of review because matters outside the pleadings were considered.[5]  *Id.*

As referenced above, *Simpson* cited *Lawrence* as support for its holding.[6]  While *Lawrence* did not involve the FTCA's independent contractor exception, it implicated the scope-of-employment requirement set out in § 1346(b)(1).[7]  The issue was whether the federal employee was "acting within the scope of his office or employment" at the time of the alleged tort.  *Lawrence*, 919 F.2d at 1528.  The Eleventh Circuit held that the scope-of-employment jurisdictional inquiry is intertwined with the merits of an FTCA claim.  *See id.* at 1528-29.  Because whether the federal employee was acting within the scope of his employment "w[ould] resolve both the question of subject matter jurisdiction and a necessary

---

[5] *Simpson* does not stand alone.  *Autery v. United States*, 424 F.3d 944 (9th Cir. 2005), involved an appeal from the district court's dismissal of the plaintiffs' FTCA claim on the ground that the independent contractor exception to the FTCA's limited waiver of sovereign immunity barred suit.  *Id.* at 955.  The district court had applied a summary judgment standard to reach its conclusion, *id.* at 955, and the Ninth Circuit agreed with that approach, *see id.* at 956.  The *Autery* court recognized that a Rule 12(b)(1) motion permits the court to "weigh the evidence to determine whether it has jurisdiction."  *Id.*  It explained, however, that the Rule 12(b)(1) standard was inapplicable: "[W]here – as is the case here – the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment."  *Id.* (citation and internal quotation marks omitted).

[6] *Simpson* also cited *Tisdale v. United States*, 62 F.3d 1367 (11th Cir. 1995).  *See Simpson*, 184 F. App'x at 910.  In *Tisdale*, the Eleventh Circuit affirmed *summary judgment* in favor of the United States, agreeing with the district court that under the FTCA the alleged tortfeasor was not an "employee" of the United States, but rather was an independent contractor.  *See* 62 F.3d at 1370-71.  *Tisdale* lends support to the conclusion that Rule 12(b)(1)'s standard is inapplicable when the issue turns on an analysis of the FTCA's independent contractor exception.

[7] The scope-of-employment requirement, as well as the "employee" requirement urged in this case, is among the FTCA's "six threshold requirements."  *CNA v. United States*, 535 F.3d 132, 141 (3d Cir. 2008); § 1346(b)(1).  In other words, both these determinations – *i.e.*, whether the tortfeasor is a government employee and, if so, whether he was "acting within the scope of his office or employment" at the time of the alleged tort – are made with respect to the same statutory provision, § 1346(b).

element of the tort claim," *id.* at 1529, the district court should have applied Rule 56's summary judgment standard when considering the evidence, not Rule 12(b)(1), *id.* at 1530.[8] The *Lawrence* court also observed that, contrary to the teachings of *Eaton v. Dorchester Development, Inc.*, 692 F.2d 727, 734 (11th Cir. 1982), the district court tried to resolve the disputed evidence based principally on a single defense affidavit, "without the benefit of further jurisdictional discovery or an evidentiary hearing." *Lawrence*, 919 F.2d at 1529-30.

The United States has not attempted to distinguish the facts or analyses of *Simpson* and *Lawrence* from the instant case. Nor has it cited any binding authority that calls into doubt their holdings. In short, the United States has not given the court any reason to alter its earlier reliance on these decisions.

The court also explained why on the present record further jurisdictional discovery was appropriate. (Doc. # 36, at 12-16); *see, e.g.*, *Eaton*, 692 F.2d at 733 ("The argument against premature dismissal on 12(b)(1) grounds is particularly strong when the basis of jurisdiction is also an element of plaintiffs' cause of action on the merits."). The United

---

[8] In the interest of thoroughness, the court reexamined its prior research. Notably, in *CNA v. United States*, the Third Circuit recognized that there was a circuit split as to which procedural rule – Rule 12(b)(1) or Rule 12(b)(6)/Rule 56 – governs review in FTCA actions when § 1346(b)(1)'s jurisdictional scope-of-employment requirement is intertwined with the merits. *See* 535 F.3d 132, 143 (3d Cir. 2008) (discussing circuit split). The Third Circuit observed that in the Eleventh Circuit, as well as in other circuits, "whether a Government employee was acting in the scope of his employment for purposes of an FTCA claim must be handled as a question of the merits to give plaintiffs the appropriate procedural safeguards." *Id.* at 144 (citing *Lawrence*, 919 F.2d at 1529); *see also Kerns v. United States*, ___ F.3d ___, 2009 WL 3486324, at *8 (4th Cir. 2009) ("When the scope-of-employment issue is determinative of both jurisdiction and the underlying merits of an FTCA claim, dismissal under Rule 12(b)(1) is inappropriate, unless the jurisdictional allegations are clearly immaterial or wholly unsubstantial and frivolous.").

States' argument to the contrary (*see* Doc. # 37 ¶ 7) does not address *Eaton* and the other cases relied upon by the court (*see, e.g.*, Doc. # 26, at 12-13) and, for that reason, is not persuasive. The United States also suggests that the better course is to "bypass the independent contractor issue" and require Ms. Womack to produce evidence of a "medical expert on the standard of care issue." (Doc. # 37 ¶ 8.) Absent production of such evidence by Ms. Womack, the United States contends that it should not be required to engage in jurisdictional discovery. (Doc. # 37 ¶ 8.) Whatever the merits of these assertions, the United States cites no authority to support them, and the court declines to impose the course suggested by the United States on a summary argument that is not supported by citations to legal authorities.

## IV.  CONCLUSION

In sum, the United States has not cited any authority or put forth any reason that warrants overturning the challenged ruling. It, therefore, is ORDERED that the United States's Motion for Reconsideration (Doc. # 37) is DENIED.

It also is ORDERED that Ms. Womack's Request for Enlargement of Time and Request for Admission to Allow New Evidence (Doc. # 38) and all further pretrial proceedings are REFERRED to the Magistrate Judge, pursuant to the Order of referral entered on July 11, 2008 (Doc. # 4).

DONE this 9th day of November, 2009.

　　　　　　　　　　　　　　　　　　/s/   W.  Keith Watkins
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE